IN THE UNITED STATES DISTRICT COURT
NOTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ABELAIDO RAMOS-LOPEZ and HUGO LOPEZ-CHAVEZ, Individually and on Behalf of All Those Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>LUCA C. ENTERPRISES, INC. and NICU COSTACHE, Jointly and Severally,<br><br>Defendants. | Case No.:_____ |

**COLLECTIVE ACTION COMPLAINT**
**(Jury Trial Demanded)**

Plaintiffs, Abelaido Ramos-Lopez and Hugo Lopez-Chavez, individually and on behalf of all others similarly situated, upon personal knowledge as to themselves and upon information and belief as to other matters, allege as follows:

**NATURE OF THE ACTION**

1. Defendants operate a stucco, exterior insulation finishing system and masonry

1

supply and design company called Luca C. Enterprises, Inc. Plaintiffs worked for Luca C. Enterprises, Inc.

2. Plaintiffs worked for Defendants as laborers.

3. Throughout their employment with Defendants, Plaintiffs were paid straight-time for all hours worked, and were not paid at an overtime premium rate for work performed in excess of 40 hours per week throughout their employment.

4. Additionally, in their last week of employment, Plaintiffs were not paid any wages at all, and were therefore not paid at least minimum wages for their time worked.

5. The exact number of employees who have suffered the same unpaid overtime wage injury as Plaintiffs, and have yet to receive redress is unknown at this time.

6. Plaintiffs bring this action to recover unpaid minimum wages and unpaid overtime premium pay, owed to them pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 *et seq*, and supporting regulations.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, 1343. In addition, the Court has jurisdiction over Plaintiffs'

claims under the FLSA pursuant to 29 U.S.C. § 216(b).

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions leading to this claim occurred while Plaintiffs performed work for Defendants in Lawrenceville, Georgia.

9. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

**Plaintiffs:**

10. Plaintiff, Abelaido Ramos-Lopez, was at all relevant times, an adult individual residing at 1179 Hill SW, Marietta, GA, 30008, which is in Cobb County.

11. Plaintiff, Hugo Lopez-Chavez, was at all relevant times, an adult individual residing at 1179 Hill SW, Marietta, GA, 30008, which is in Cobb County.

**Defendants:**

12. Defendants, Luca C. Enterprises, Inc., is an active Georgia corporation. Its principal place of businesses is 1275 Buford Highway, Ste. 104, Suwanee, GA, 30024, which is in Gwinnett County.

13. Upon information and belief, Defendant Nicu Costache is an owner, officer,

3

director and/or managing agent of Luca C. Enterprises, Inc. Mr. Costache's address is 2167 Birch Hollow Trail, Lawrenceville, GA 30043, which is in Gwinnett County.

14. Nicu Costache (the "Individual Defendant") participated in the day-to-day operations of Luca C. Enterprises, Inc., and acted intentionally and maliciously. The individual Defendant is considered an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d), and the regulations promulgated under 29 C.F.R. § 791.2, and is jointly and severally liable with Luca C. Enterprises, Inc. (the "Corporate Defendant").

15. Upon information and belief, the Individual Defendant jointly set the unlawful payroll policies complained of in this complaint for the Corporate Defendant.

16. At all relevant times, Defendants have been employers of Plaintiffs, and/or joint employers within the meaning of the FLSA.

17. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000, within the meaning of 29 U.S.C. § 203(s)(1)(A)(ii).

18. Additionally, upon information and belief, at all relevant times, Defendants have had employees working on goods that have been moved or produced for commerce, in that they operate a stucco, exterior insulation finishing system and masonry supply and design company where they obtain many of their goods and

materials that will be used to complete their work on homes and properties from various parts of the United States, such as installation material, masonry supplies, machinery, and work vehicles, within the meaning of 29 U.S.C. § 203(s)(1)(A)(i).

## **STATEMENT OF FACTS**

19.     At all relevant times, Defendants have been in the stucco, exterior insulation finishing system and masonry supply and design industry.

20.     Upon information and belief, the Individual Defendant handles payroll and record keeping for the Corporate Defendant, and is actively involved with the Corporate Defendant's day-to-day operations.

21.     Plaintiffs were employed by Defendants as a laborers. Plaintiffs' job duties involved performing various construction services such as building walls using concrete and stucco materials.

22.     Plaintiff Abelaido Ramos-Lopez worked for Luca C. Enterprises, Inc. from January 15, 2018 until October 2, 2018 (37 weeks).

23.     Plaintiff Hugo Lopez-Chavez worked for Luca C. Enterprises, Inc. from September 1, 2018 until October 2, 2018 (4 weeks).

24.     Plaintiffs typically worked 7 a.m. to 6 p.m., Monday through Saturday, six

days a week, with Sunday as an off day. Plaintiffs were provided with a one-hour lunch break.

25.     Plaintiffs were paid $22.00 per hour, and worked an average of 54 hours per week. Plaintiffs were only paid straight-time for all hours, and received no overtime pay, despite working well in excess of 40 hours per week.

26.     During their final week of employment, Plaintiffs worked a workweek of 54 hours for Defendants, but were not compensated at all for these hours worked, in violation of the FLSA. The FLSA requires that Plaintiffs be paid a minimum of $7.25 per hour for all hours worked. *See* 29 U.S.C. § 206(a).

27.     This failure to pay overtime premium wages to these hourly employees can only be considered a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

## FLSA COLLECTIVE ACTION ALLEGATIONS

28.      Pursuant to 29 U.S.C. §§ 207 & 216(b), Plaintiffs bring their First Cause of Action as a collective action under the FLSA on behalf of themselves and the following collective:

   All persons employed by Defendants, at any time since January 7, 2015,

and through the entry of judgment in this case (the "Collective Action Period") who worked as laborers, carpenters, masons, and all other hourly employees (the "Collective Action Members").

29. A collective action is appropriate in this circumstance because Plaintiffs and the Collective Action Members are similarly situated, in that they were all subjected to Defendants' illegal policy of failing to pay overtime for work performed in excess of 40 hours per week. As a result of this policy, Plaintiffs and the Collective Action Members did not receive the legally-required overtime payments for all hours worked in excess of 40 hours per week.

30. Plaintiffs and the Collective Action Members are also similarly situated, in that they were all subjected to Defendants' illegal practice of occasionally not compensating employees at all for work performed, in violation of the federal minimum wage laws.

31. The exact number of employees who have suffered the same unpaid overtime wage/minimum wage injuries as Plaintiffs, and have yet to receive redress is unknown at this time.

**FIRST CAUSE OF ACTION**
**FAIR LABOR STANDARDS ACT – UNPAID OVERTIME**

32. Plaintiff, on behalf of himself, the Collective Action Members, and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

33. As a result of Defendants' failure to compensate its employees, including Plaintiff and the Collective Action Members, at a rate of not less than one and one-half times their regular rate of pay for work performed in excess of 40 hours per week, Defendants have violated and continue to violate the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. § 207(a)(1) and 215(a), for which Plaintiff and the Collective Action Members are entitled to relief pursuant to 29 U.S.C. 216(b).

34. Defendants have failed to pay an overtime premium to these hourly employees, with no colorable argument as to why these workers are exempt. This constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

35. The failure to pay an overtime premium has caused Plaintiff to suffer lost wages and interest thereon. Plaintiff and the Collective Action Members are entitled to recover from Defendants his unpaid overtime compensation, liquidated damages, attorney's fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT - UNPAID MINIMUM WAGES

36.  Plaintiffs repeat and reallege each allegation in the preceding paragraphs with the same force and effect as though fully set forth herein.

37.  During their final week of employment, Plaintiffs worked a workweek of 54 hours for Defendants. On October 2, 2018, Plaintiffs were each given paychecks for their last workweek, but the checks could not be cashed due to insufficient funds. As a result, Defendant have failed to compensate Plaintiffs at least minimum wages for these 54 hours worked, in violation of the FLSA. As a result, Defendants have violated 29 U.S.C. § 206(a) by failing to pay minimum wages for all hours worked.

38.  The failure to pay minimum wages have caused Plaintiffs to suffer lost wages and interest thereon. Plaintiffs are entitled to recover from Defendants their unpaid minimum wages, liquidated damages, attorney's fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

Therefore, Plaintiffs respectfully request that this Court grant the following relief:

a. An order tolling the relevant statutes of limitations;

b. An order declaring that Defendants violated the FLSA;

c. An award of unpaid overtime wages due under the FLSA;

d. An award of unpaid minimum wages due under the FLSA;

e. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime wages

f. An award of prejudgment and post-judgment interest;

g. An award of costs and expenses of this action together with attorney's fees;

h. Such other and further relief and this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: January 7, 2018

                                        Respectfully submitted,

                                         **s/ Brandon A. Thomas**
                                         **BRANDON A. THOMAS**
                                         **GA BAR NO.: 742344**
                                         The Law Offices of Brandon A. Thomas, PC
                                         1 Glenlake Parkway, N.E., Suite 650

Atlanta, GA 30328
(678) 330-2909
(678) 638-6201
brandon@overtimeclaimslawyer.com